DIXON, Justice.
On March 19, 1971 the defendant shot and killed Vernon Strawhorn. He was arrested for murder on March 26, 1971. In April of 1971 the Grand Jury of Orleans Parish indicted the defendant for murder and he was subsequently convicted on December 11, 1973. Three bills of exceptions were reserved and perfected by the defendant.

Bill of Exceptions No. 1

The first bill of exceptions was reserved at the opening of the trial when the judge denied the defendant’s motion to have a different attorney appointed to represent him. The trial judge rendered a per curiam opinion stating the reasons for which he denied the motion. The trial judge concluded:
“The first time this Court was ever informed that Mr. Parker did not desire Mr. Zibilich to represent him was on the day of trial immediately prior to the selection of a jury. The defendant did not give any reason for not wanting Mr. Zibilich to represent him; this, combined with the fact that Mr. Zibilich had represented the defendant since April of 1971 and was known by this Court to be extremely competent, led the Court to believe that this request was made by the defendant only in an effort to delay the trial. Therefore, it was the opinion of this Court that this motion was frivolous and was immediately denied.”
This request came when both the State and defense counsel were ready to proceed with trial. There was no showing that the defendant wished to retain his own counsel. As this court stated in the case of State v. Austin, 258 La. 273, 246 So.2d 12, 13 (1971):
“Defendant is entitled to counsel. He may hire whom he chooses. Because he is indigent, he is privileged to have the State appoint an attorney without any cost to him. To permit the accused to *616 discharge his court-appointed counsel on the day of trial, without any showing of incompetence and without having a privately retained attorney present to take his place, would be to permit defendant to choose which lawyer the court must appoint to defend him. We are not aware of any basis in law for such a claim upon the State or upon the members of the bar.”
Additionally, defendant does not show any prejudice resulting from this ruling. The appointed attorney had actively represented the defendant since April 21, 1971. There is no showing of incompetence or unpreparedness on the part of the appointed counsel.
This bill is without merit.

Bill of Exceptions No. 2

This bill was reserved when the trial judge refused to allow the 'defense counsel to elicit background information from prospective jurors. The ruling was quite obviously based on the fact that the defense counsel had been provided with a list of the jury venire and this list contained the background information. The judge announced that he would limit the examination. Defense counsel misunderstood the judge’s ruling, which was designed to prevent repetition of information already in defendant’s possession. No limitation was otherwise placed on the voir dire.
This bill is without merit.

Bill of Exceptions No-. 3

The third bill was reserved when the trial judge refused to grant a mistrial after one of the prospective jurors made a remark in front of the jury panel. The juror stated that he was not sure that he could be impartial because he did not feel that the defendant was going to get the proper defense because the defendant did not seem to like his lawyer. The juror was excused for cause and the judge instructed the panel to disregard the statement made by the juror. This is not a statement which falls under any of the categories listed in Article 770 of the Code of Criminal Procedure and therefore the granting of a mistrial was not mandatory. Under C.Cr.P. 771 the trial judge has discretion to grant a mistrial after admonishing the jury to disregard the remarks. There was no abuse of discretion in this case and there is no apparent prejudice to the defendant.
This bill is without merit.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.